# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPETERS SUPPLEMENTAL FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ROCK-IT INTERIORS, INC., <br><br> Defendant. | Case No. 14-cv-6096 <br><br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Trustees of the Chicago Regional Carpenters Pension Fund, Chicago Regional Council of Carpenters Welfare Fund, Chicago Regional Council of Carpenters Supplemental Fund, and Chicago Regional Council of Carpenters Apprentice & Trainee Program Fund (collectively, the "Funds") brought suit against Defendant Rock-It Interiors, Inc. ("Defendant") under the Employee Retirement Income Security Act ("ERISA") to collect delinquent contributions to the Fund plus liquidated damages, interest, and attorneys' fees and costs. Before the Court is the Funds' amended motion for summary judgment [37], to which Defendant has failed to respond. For the reasons stated below, the Court grants the Fund's motion [37]. Judgement will be entered in favor of the Fund and against Defendant in the amount of $12,628.75.

## I.     Background

The Court takes the relevant facts from the Funds' Amended Local Rule 56.1(A)(3) Statement of Uncontested Facts [38] and the supporting exhibits filed by the Funds [21-6] – [21-21]. Defendant did not respond to the Fund's motion [37] or Statement of Uncontested Facts [38]. Therefore, pursuant to Local Rule 56.1(b)(3)(C), the Funds' fact statements are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). See also *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *De v. City of Chicago*, 912 F. Supp. 2d 709, 712-13 (N.D. Ill. 2012).

The Funds are multiemployer plans organized under ERISA. The Funds receive contributions from employers pursuant to collective bargaining agreements ("CBAs") entered into between the employers and the Chicago Regional Council of Carpenters ("Union"). Defendant is a corporation that employs carpenters. Defendant is a signatory to CBAs with the Union. Defendant also entered into trust agreements ("Trust Agreements") that require Defendant to pay fringe benefit contributions to the Trust Funds. Pursuant to the CBA and Trust Agreements, the Funds operate on the basis of an employer self-reporting system. The self-reporting system requires employers to file a monthly report that identifies the employees for whom contributions and dues are owed and the hours worked by and the gross wages paid to each employee.

Defendant's monthly reports for September 2014 to December 2014 showed that Defendant owed the Trust Funds a balance of $22,668.10 for fringe benefits and a balance of $2,234.85 for dues. In each monthly report, Defendant certified that the hours reported were accurate and that Defendant was bound by the CBA and Trust Agreements. Each report also contains the following statement: "REPORT DUE ON OR BEFORE THE 15TH OF THE MONTH. LATE PAYMENTS WILL BE CHARGED 1.5% PER MONTH, COMPOUNDED, AS LIQUIDATED DAMAGES!" [21-18] at 3-9.

Defendant failed to remit timely payments to the Trust between December 2013 and December 2014. The Funds calculated that Defendant owed $2,979.83 in liquidated damages for this period. The Funds also calculated, pursuant to the section of ERISA awarding interest, 29 U.S.C. § 1132(g)(2), that Defendant owed $95.90 in interest for the months of September 2014 through December 2014. The Funds filed suit against Defendant to collect the unpaid contributions, liquidated damages, dues and interest, which totaled $27,978.68. The Funds also sought an award of attorneys' fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(D).

The Funds filed a motion for summary judgment [21]. While their motion was pending, Defendant paid its outstanding contributions to the Funds, as well as liquidated damages and interest. The Funds filed an amended motion for summary judgment [37] to take into account Defendant's payments. In their amended motion, the Funds request that the Court enter summary judgment in their favor and against Defendant for $12,628.75, to compensate the Funds for the attorneys' fees and costs they incurred litigating this matter. Defendant did not respond to the original motion for summary judgment [21] or the amended motion for summary judgment [37].

## II. Discussion

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC,* 650 F.3d 640, 646 (7th Cir.2011) (quoting *Celotex Corp.,* 477 U.S. at 322 (1986)). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

The Funds brought this action pursuant to 29 U.S.C. § 1132(a)(3) and § 1145, which allow a fiduciary to file a civil action to collect delinquent contributions to a multiemployer plan organized under ERISA. Since Defendant has reimbursed the Funds for its outstanding contributions, liquidated damages, and interest, the only issue remaining for the Court to decide is whether the Funds are entitled to an award of the reasonable attorneys' fees and costs that they incurred by pursuing this litigation. In an action brought by a fiduciary to collect delinquent contributions, where "a judgment in favor of the plan is awarded," "the court *shall* award the plan * * * reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id.* § 1132(g)(2)(D) (emphasis added). The Seventh Circuit has explained that an award of attorneys' fees is a "mandatory add-on[] in (successful) suits to enforce section 1145." *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). See also *Cent. States, Se. & Sw. Areas Pension Fund v. Murphy Bros., Inc.*, 772 F. Supp. 2d 918, 922 (N.D. Ill. 2011) (requiring employer to pay fund's attorneys' fees and costs where employer failed to make required payments to the fund and fund was required to bring suit to collect payments). A court also has discretion to order "such other legal or equitable relief as the court deems appropriate." *Id.* § 1132(g)(2)(E).

The Court concludes that the Funds are entitled to judgment in their favor on their remaining claim for attorneys' fees and costs under 29 U.S.C. 1132(g)(2)(D). By failing to respond to the Funds' motion for summary judgment or L.R. 56.1 Statement, Defendant has conceded that it failed to timely pay its contributions to the Funds. Therefore, the Funds are statutorily entitled to their reasonable attorneys' fees and costs. See *Central States*, 956 F.2d at 1377. In support of their request for attorneys' fees and costs, the Funds have submitted a sworn declaration from an associate at their outside law firm [38-1] and detailed billing records [38-2] showing that they incurred $12,628.75 in attorneys' fees and court costs pursuing this litigation. The Court finds that these attorneys' fees and costs are reasonable. "'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The Funds' unrefuted declaration states that their outside law firm devoted 67.95 hours at the rate of $175.00 to $225.00 per hour to the litigation. The unrefuted declaration also states that the firm's billing rates are less than or equal to the usual and customary rates charged by other law firms doing similar work in the Northern District of Illinois. Based on the declaration [38-1] and supporting billing records [38-2], the Court finds

that the Funds are entitled to an award of $12,628.75 to compensate them for their attorneys' fees and court costs.

## III. Conclusion

For the reasons stated above, the Court grants the Fund's motion for summary judgment [37]. Judgment will be entered for the Funds and against Defendant in the amount of $12,628.75.

Dated: December 23, 2015

_____
Robert M. Dow, Jr.
United States District Judge